# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ROBERT SWIMLINE and ELIZABETH SWIMLINE, <br>     Plaintiffs, <br><br> v. <br><br> ARCELORMILLTAL INDIANA HARBOR, LLC, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> )    2:14-CV-343-RL-PRC <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File an Amended Complaint [DE 18], filed on March 19, 2015. Defendant filed an expedited response brief on March 27, 2015, and Plaintiffs filed an expedited reply brief on April 1, 2015.

On August 1, 2014, Plaintiffs filed a Complaint against ArcelorMittal Indiana Harbor LLC in the Lake County, Indiana, Circuit Court. On September 19, 2014, Defendant removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Defendant filed an Answer on October 15, 2014, and a scheduling order was issued on December 11, 2014.

## RELEVANT BACKGROUND FACTS

On the day of the explosion that is the basis of this lawsuit, April 3, 2013, Plaintiff Robert Swimline was in a facility operated by ArcelorMittal Indiana Harbor, LLC, and owned by ArcelorMittal USA, LLC. An explosion occurred while Mr. Swimline was working on a pipeline contained within a newly installed gas bleeder pilot burner cabinet. The explosion occurred when gas escaped from the pipe connected to the cabinet and caused a flash explosion. The owner of the cabinet was ArcelorMittal Indiana Harbor, LLC, and the company responsible for installing the new

pipe in the cabinet was Amex Nooter, LLC. Mr. Swimline was an employee of Amex Nooter, LLC.

The purchase order for the burner cabinet notes that the cabinet itself was to be delivered to Frank Peters, the Senior Maintenance Planner at ArcelorMittal Indiana Harbor, LLC. Plaintiffs states in the motion that, on information and belief, Frank Peters is a resident of Crown Point, Indiana. Plaintiffs represents that the installation and construction of a new burner cabinet requires that the Senior Maintenance Planner provide guidance and direction on the appropriate manner of locking out, tagging, and bleeding all active gas lines leading to the new cabinet installation. Plaintiffs argue that, had that been done, no explosion would have occurred.

On December 29, 2014, through initial discovery, Defendant identified Frank Peters as someone who may have "discoverable information about the Plaintiffs' claim." However, it was not until March 13, 2015, when Defendant served its answer to Interrogatory No. 12, that Defendant stated that Frank Peters completed the work authorization forms and was responsible for reviewing the energy control procedure that provided guidance on locking out and tagging out the relevant equipment and piping.

**ANALYSIS**

In the instant motion, Plaintiffs seek leave to add three new defendants: ArcelorMittal USA, LLC; Frank Peters; and Amex Nooter, LLC. Defendant ArcelorMittal Indiana Harbor, LLC agrees that Defendant ArcelorMittal USA, LLC is a proper defendant and takes no position on the motion to add Amex Nooter, LLC as a defendant. However, Defendant opposes the addition of Frank Peters, arguing that Plaintiffs are attempting to join Frank Peters, who is a citizen of Indiana like Plaintiffs, post-removal in order to destroy diversity, which would result in the case being remanded to state court. Plaintiffs notes that the statute of limitations expires on April 3, 2015, and, thus, request a

2

ruling prior to that date.

As an initial matter, the Court cannot determine whether there is complete diversity of citizenship between the Plaintiffs, Robert and Elizabeth Swimline, and ArcelorMittal Indiana Harbor, LLC, ArcelorMittal USA, LLC, and Amex Nooter, LLC. Plaintiffs are citizens of Indiana. The business entity defendants are all limited liability companies. A limited liability company is analogous to a partnership and takes the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). As established by the Affidavits of Mark Jeske, none of the members of ArcelorMittal Indiana Harbor, LLC or ArcelorMittal USA, LLC is a citizen of Indiana. However, the Affidavits do not clarify whether any of the *members* of ArcelorMittal Indiana Harbor, LLC or ArcelorMittal USA, LLC *themselves* are limited liability companies that have members who may be citizens of Indiana. As for Amex Nooter, LLC, Plaintiffs' proposed Amended Complaint does not identify the members of Amex Nooter, LLC but rather incorrectly treats Amex Nooter, LLC as a corporation and provides the company's place of incorporation and principal place of business, both of which are irrelevant. Regardless, any concern regarding the citizenship of the limited liability company defendants is moot. As set forth below, the Court finds that Frank Peters is a proper party defendant and that the motion to amend should be granted under 28 U.S.C. § 1447(e). Because diversity of citizenship is destroyed by the joinder of Frank Peters and the case will remand upon amendment, further inquiry into the membership of the limited liability company defendants is unnecessary.

The Court turns to the question of whether Plaintiffs should be permitted to join Frank Peters as a party defendant. Frank Peters is a citizen of Indiana whose joinder would destroy diversity of citizenship for purposes of diversity jurisdiction. Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal

the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Seventh Circuit Court of Appeals has identified a four-factor test to determine whether post-removal joinder of a non-diverse party is appropriate. *Schur v. L.A. Weight Loss Cntrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). The four factors are: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id*. It is within the Court's discretion to grant or deny joinder and the court should balance certain equities to make this determination. *Id*. The Court considers each of the factors in turn.

*1.    Plaintiffs' Motive*

The Court must consider Plaintiffs' motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction. In its response brief, Defendant does not focus on Plaintiffs' motive but rather attempts to show under the different standard of fraudulent joinder that Frank Peters is not a proper party defendant.

All of the allegations of negligence in Count II of the proposed Amended Complaint are brought against both ArcelorMittal Indiana Harbor, LLC and its employee Frank Peters:

<blockquote>

a. Failed to safely and appropriately lock out and tag out all pertinent gas lines;
b. Failed to appropriately and completely purge or bleed all pertinent gas lines;
c. Failed to issue appropriate "hot work" permits for the work that was to be done by the Plaintiff;
d. Failed to maintain its valves in a reasonable safe condition;
e. Failed to remove all potential ignition sources including but not limited to a portable space heater;
f. Failed to warn the Plaintiff of the existence of all ignition sources including the portable space heater;
g. Failed to warn the Plaintiff that not all pertinent lines had been appropriately

</blockquote>

4

          purge [sic] or bled and locked out and tagged out;
h.      Failed to warn the Plaintiff that a valve outside the scope of work was in a defective and dangerous condition;
i.      Failed to issue appropriate detection badges or pressure gauges so that gas could be continuously monitored;
j.      Failed to properly inspect the premises in order to discover and remedy defectives [sic] conditions that made it dangerous for Plaintiff to perform his work;
k.      Otherwise negligently and carelessly failed to maintain its premises in a reasonably safe condition and in compliance with federal and state regulation and law.

(Pl. Mot. Ex. G).

Under Indiana law, an agent acting for a principal can be liable to a third party if he violates his common law duty "to use that which he controls as not to injure others." *Nyamazana v. Belgarde Property Servs, Inc.*, No. 1:14-CV-397, 2014 WL 3396532, at *4 (S.D. Ind. July 9, 2014) (quoting *Tippecanoe Loan & Trust Co. v. Jester*, 101 N.E. 915, 920 (Ind. 1913)).[1] "[A] tortfeasor is always personally accountable for his own torts." *Kornelik v. Mittal Steel USA, Inc.*, No. 2:07-CV-69, 2007 WL 1468693, *4 (N.D. Ind. May 18, 2007) (citing *Hill v. Ebbets Partners, Ltd.*, 812 N.E.2d 1060, 1064 (Ind. Ct. App. 2004); *Howard Dodge & Sons, Inc. v. Finn*, 391 N.E.2d 638, 641 (1979)); *see also INDOT v. McEnery*, 737 N.E.2d 799, 802 (Ind. Ct. App. 2000). "Moreover, because an agent who commits a tortious act is equally liable with the principal, 'the individual and the corporation are jointly liable and may properly be joined as defendants.'" *Kornelik*, 2007 WL 1468693, at *4 (quoting *Tolliver v. Mathas*, 538 N.E.2d 971, 976 (Ind. Ct. App. 1989)).

In *Tippecanoe Loan & Trust Co. v. Jester*, the Indiana Supreme Court wrote:

> That is to say, that for failure to perform his contractual obligations to his principal, a third person cannot hold him liable, *but for negligence of omission or commission, after he has undertaken performance, he is liable under common-law rules*. The violation of a duty giving rise to injury and a cause of action arises as much, and as

---

[1] Although *Nyamazana v. Belgarde Property Services, Inc.* is a fraudulent joinder case and does not fall under 28 U.S.C. § 1447(e), the question of whether an agent is independently liable for his negligence under Indiana law is the same.

frequently, from omission to do a thing which ought to be done in the discharge of his duty to his principal, nonfeasance, as in doing it in the discharge of that duty, in such a manner as to injure another, misfeasance.

*Tippecanoe Loan & Trust Co.*, 101 N.E. at 920 (emphasis added). In other words, "[i]f an agent acts negligently and injures another, he may be liable whether or not the negligent acts were in commission or omission of his duties to his employer." *Nyamazana*, 2014 WL 3396532, at *4 (citing *Tippecanoe Loan & Trust Co.*, 101 N.E. at 919).[2]

Like in *Nyamazana*, Plaintiffs in this case are not suing Frank Peters because he failed in his duties to ArcelorMittal Indiana Harbor, LLC but rather because Plaintiffs alleges that Frank Peters injured him through his breach of the duty of reasonable care in relation to the installation of the equipment. In paragraph 4 of the Proposed Amended Complaint, Plaintiffs allege that Frank Peters was the Senior Maintenance Planner at ArcelorMittal Indiana Harbor, LLC; in paragraph 7, Plaintiffs allege that Frank Peters was in charge of the installation of new equipment; in paragraph 8, Plaintiffs allege that Frank Peters was the ArcelorMittal Indiana Harbor LLC employee responsible for inspecting and accepting new piping and supervising its installation and connection

---

[2] In its brief, Defendant cites *Nichols v. Kirkpatrick Management Co., Inc.*, 536 N.E.2d 656, 566 (Ind. Ct. App. 1989), for the holding that "[i]t has long been Indiana law that an agent cannot be held responsible for his nonfeasance." In support, the court in *Nichols* quoted an earlier Indiana Court of Appeals case:
> An agent, while obeying the command or performing the service of the principal, is not justified in committing a tort; and, if he does, not only the principal, but the agent, may be made to answer in damages therefor. But where a duty rests on the principal, and not on the agent, its nonperformance by the latter creates no liability against him, if injury results. True, he may owe a duty to the principal to faithfully discharge his duties as agent; but he owes no duty to others, except that in the performance of those duties he shall not do anything which will cause injury to them. If the agent fails to perform a duty which he owes to the principal, and by reason of such nonperformance or neglect of duty a third person sustains injury, no action can be maintained against the agent by such third person on account thereof.

*Id.* at 567 (quoting *Dean v. Brock*, 38 N.E. 829, 829 (Ind. App. 1894)).

However, as quoted in the text of this Opinion above, in the subsequent case, *Tippecanoe Loan & Trust Co. v. Jester*, 101 N.E. 915, 920 (Ind. 1913), the Indiana Supreme Court held that "for negligence of omission or commission, *after he has undertaken performance*, he is liable [to third parties] under common-law rules." *Id*. (emphasis added). In *Nichols*, the issue was the failure of the agent to execute a contractual obligation of the principal; the agent never undertook performance of the roof repair at issue, and thus his duty of care was not triggered.

to existing gas pipe lines. In paragraph 26(b), Plaintiffs allege that Frank Peters breached his duty of care because he did not "completely purge . . . all pertinent gas lines." (Pl. Br., Ex. G). Thus, contrary to Defendant's primary argument in the response brief, Frank Peters is a proper party defendant.[3]

Defendant has not offered any argument or evidence that Plaintiffs' motive in adding Frank Peters is to destroy diversity of citizenship. Although timeliness is addressed in the next section as an independent factor, the fact that Plaintiffs sought to add Frank Peters as a defendant within one week of learning of his personal involvement in the events prior to the explosion supports a finding that Plaintiffs' motive is not to destroy diversity but rather simply to add a party that Plaintiffs now allege, after discovery, is personally liable.

The Court finds that Defendant has not demonstrated that Plaintiffs' motive for seeking to join Frank Peters is solely to destroy diversity jurisdiction. Although Defendant attempts to argue that Frank Peters is not a proper party defendant as an agent, Defendant does not argue that Plaintiffs have no chance of succeeding on the merits of the claims against Frank Peters. This factor weighs in favor of amendment.

2. *Timeliness of the Request to Amend*

The Court finds that the instant motion was timely filed. Although Frank Peters had been generally disclosed on December 29, 2014, as someone who may have information regarding the Complaint, Plaintiffs did not learn of Frank Peters' specific role in the events leading to the explosion until March 13, 2015, when Defendant answered Interrogatory No. 12. This was the first

---

[3] To the extent that Defendant is also attempting to make a distinction between nonfeasance and misfeasance in relation to Frank Peters' alleged negligence, Indiana Appellate Courts have found that such distinctions are no longer significant. *See Holt v. Quality Motor*, 776 N.E.2d 361, 366 (Ind. Ct. App. 2002).

time that Defendant disclosed that Frank Peters "completed the work authorization forms" for this project and that Frank Peters reviewed all of the energy control procedures and relevant equipment for this project. Plaintiffs sought leave to amend the Complaint one week later. The Court finds that Plaintiffs acted in a timely manner. This favor weighs in favor of amendment.

3. *Injury to Plaintiffs and Other Relevant Equitable Considerations*

The Court considers the third and fourth factors in combination. "Denying [the Plaintiffss] the potential tactical benefit of adding defendants to prevent being barred from recovery by Indiana's contributory negligence statutes is significant enough of an injury to weigh toward permitting joinder, even if the balance is tipped only slightly because any settlement or damages may ultimately only be paid by [the employer]." *Carpenter v. Menard, Inc.*, No. 2:14-CV-113, 2014 WL 5465747, at *4 (N.D. Ind. Oct. 28, 2014) (quoting the Magistrate Judge's Report and Recommendation). The Court agrees with Plaintiffss that, Frank Peters, as the primary employee with overall responsibility for supervising this project, is more than just a mere additional Defendant. By his job description, he is the primary person responsible for making the key decisions that led to this accident and for this reason, he is likely to be the primary tortfeasor in this case. As for other equitable considerations, Defendant has offered no other reason why Defendant's choice of forum should trump Plaintiffs' choice of forum or Plaintiffs' choice to bring the lawsuit against Frank Peters. These factors weigh in favor of amendment.

## CONCLUSION

Finding that all of the factors above weigh in favor of allowing Plaintiffs to join Frank Peters as a defendant, the Court hereby **GRANTS** Plaintiffs' Motion for Leave to File an Amended Complaint [DE 18], **DEEMS** the Amended Complaint to be filed this date, and **ORDERS** that this

matter is **REMANDED**.

So ORDERED this 2nd day of April, 2015.

                                                s/ Rudy Lozano
                                                JUDGE, UNITED STATES DISTRICT COURT

cc:    All counsel of record